## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Alex Koester, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. _____ |
| vs. | ) |
| | ) |
| Windham Professionals, Inc. and | ) |
| John Doe, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

## JURY TRIAL DEMANDED

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendants transact business in this district.

## PARTIES

4.  Plaintiff Alex Koester (hereinafter "Plaintiff"), is a natural person residing in the County of Hubbard, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.  Defendant Windham Professionals, Inc., (hereinafter "Defendant Windham"), is a collection agency operating from an address of 380 Main Street, Salem, NH 03079, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.  Defendant John Doe (hereinafter "Defendant Doe"), is a natural person employed by Defendant Windham as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

7.  Sometime prior to January 2008, upon information and belief, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, and are therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8.  Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant Windham for collection from Plaintiff.

9.  Defendant, as part of its collection campaign, repeatedly contacted Plaintiff by telephone.

10. Upon information and belief, in winter of 2007, Defendant Doe contacted Plaintiff by telephone in an attempt to collect the alleged debt.

11. Defendant Doe contacted Plaintiff stating the only acceptable payment would be $458 per month.

12. When Plaintiff asked if they could agree on a payment, Defendant Doe responded, "Well maybe you should not have gone to college then".

13. Defendant Doe then stated if Plaintiff did not send Defendant Windham $1000 over the phone, "[He] would call Iowa State and have them tack on another $4000".

14. Plaintiff asked Defendant Doe to send him a bill stating the amount that he owed. Defendant Doe responded, "No I don't need to do that."

15. Defendant Doe attempted to obtain Plaintiff's Mothers credit card number, stating, "Well what about your parents they've got to have a card you can pay over the phone with."

16. Defendant Doe contacted the Plaintiff again. This time Defendant Doe asked for payment of $3,000 to keep Plaintiff's account open. When Plaintiff explained he did not have $3,000 Defendant Doe asked, "What about your parents, they've got to have some money", to which Plaintiff responded, "It is my bill". Defendant Doe asked, "What about a loan?" Plaintiff responded, "No", and Defendant Doe stated, "Are you telling me you can't even get your hands on three grand, there's no way you can get three thousand dollars?" and Plaintiff hung up the phone.

17. The conduct of Defendants in harassing Plaintiff in an effort to collect an alleged debt by verbally abusing Plaintiff is a violation of numerous and

multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, and 1692f amongst others.

## Respondeat Superior Liability

18. The acts and omissions of Defendant Doe, and/or the other debt collectors employed as agents by Defendant Windham who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Windham.

19. The acts and omissions by Defendant Doe and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Windham in collecting consumer debts.

20. By committing these acts and omissions against Plaintiff, Defendant Doe and these other debt collectors were motivated to benefit their principal, Defendant Windham.

21. Defendant Windham is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

*Summary*

22. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions.

## TRIAL BY JURY

23. Plaintiff is entitled to and hereby respectfully demands a trial by jury.  U.S. Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 ET SEQ.

24. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

25. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

26. As a result of Defendants' foregoing conduct and violations of the FDCPA, Plaintiff is entitled to recover actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), against each and every Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that judgment be entered against each and every Defendant for:

## **COUNT I.**

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

## **15 U.S.C. § 1692 et seq.**

27. an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

28. an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against each and every Defendant;

29. an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant.

30. actual damages from each and every Defendant for the emotional distress suffered as a result of the FDCPA violations in an amount to be determined at trial; and

31. such other and further relief as may be just and proper.

Dated:  February 18, 2009             **SCRIMSHIRE, MARTINEAU, GONKO &**
                                       **VAVRECK, PLLC**


                                       s/ Mark L. Vavreck                              .
                                      Mark L. Vavreck, Esq.
                                      Attorney I.D.#0318619
                                      Designer's Guild Building
                                      401 North Third Street, Suite 600
                                      Minneapolis, MN 55401
                                      Telephone: (612)  659-9500
                                      Facsimile:   (612) 659-9220
                                      mark@smgvlaw.com

                                      **ATTORNEY FOR PLAINTIFF**